# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JAMES SILCOX, | ) |
| Petitioner, | ) |
| | ) Case No. 3:13-CV-234-JVB |
| v. | ) |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

## OPINION AND ORDER

James Silcox, a *pro se* prisoner, filed this habeas corpus petition challenging the prison disciplinary hearing (MCF 13-01-52) that was held on January 11, 2013, where he was found guilty by the Discipline Hearing Body (DHB) at the Miami Correctional Facility of violating the law by interfering with the reporting of a crime in violation of A-100, deprived of 180 days earned credit time, and demoted to credit class 2. Silcox raises four grounds in his petition.

First, Silcox alleges that the sanctions were excessively harsh. However, harshness is not a valid basis for challenging a DHB punishment that is within the range of the offence for which the inmate was found guilty. *Cf. United States ex rel. Long v. Pate*, 418 F.2d 1028, 1031 (7th Cir. 1970) (Where a sentence is "within the range established by the legislature . . . this court will not [on habeas corpus review] question the trial judge's discretion in imposing sentence, nor will it question the refusal of the Illinois Supreme Court to reconsider appellant's petition for reduction of sentence.") Here, the punishment imposed was within the limits permitted by The Disciplinary Code for Adult Offenders[1] for a Class A offense. Therefore Ground One is not a basis for habeas corpus relief.

---

[1] Maximum punishments are set out on page 37 of Policy 02-04-101. *See* http://www.in.gov/idoc/3265.htm.

Second, Silcox alleges that the hearing officer was not an impartial decision maker.

> An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff*, 418 U.S. at 571. But "the constitutional standard for impermissible bias is high," *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of "honesty and integrity" absent clear evidence to the contrary, *see Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975). Due process requires disqualification of a decisionmaker who was directly or substantially involved in the underlying incident, *Gaither*, 236 F.3d at 820, and we have assumed that a decisionmaker might likewise be impermissibly biased if his spouse is a crucial witness in the proceeding, *see Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). A hearing officer is not automatically deemed biased, however, simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner. *See Piggie*, 342 F.3d at 666-67; *Pannell*, 306 F.3d at 502.

*Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009). Here, Silcox has not provided any explanation for why he believes that the hearing officer was biased. There is no indication in the record that the hearing officer was otherwise involved in the underlying incident or its investigation. Therefore this unsupported allegation is insufficient to warrant habeas corpus relief.

In his Third and Fourth Grounds, Silcox presents different reasons why he believes there was insufficient evidence to find him guilty. He alleges that the evidence was contradictory. However, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Alternatively, he alleges that because he did not know that there was a criminal investigation or that Elmore was a suspect, he could not have interfered with the reporting of a crime.

The Report of Conduct charged Silcox with relaying a message to "Ms. Elmore NOT to cooperate, or speak with anyone about" a case involving Offender Thomas in violation of

2

Indiana Code 35-45-2-5. (DE 4-1 at 1.) That statute provides that "[a] person who, with the intent to . . . conceal . . . a crime, knowingly or intentionally interferes with or prevents an individual from . . . making a report to a law enforcement officer; commits interference with the reporting of a crime, a Class A misdemeanor." In his traverse, Silcox argues that he had a First Amendment right to ask his sister to tell Roberta Elmore not to talk to anyone. The DHB listened to a phone call with his sister and Silcox does not dispute the accuracy of its Summary of Evidence. (DE 4-1 at 2.) Rather he merely argues that the summary does not say that he mentioned Offender Thomas or the police during that call. However, Thomas's statement says that he asked Silcox to call Roberta Elmore and ask her not to talk to anyone. (DE 4-3 at 3.) This links the call back to Thomas. Though Thomas also said that he did not tell Silcox why he did not want Elmore to talk to anyone, DHD did not have to believe that statement. Moreover, even if Thomas did not tell Silcox the reason for the request, it was not unreasonable for the DHB to have concluded that Silcox believed that his call was an attempt to prevent Elmore from talking to the police. Federal courts do not independently assess witness credibility or re-weigh the evidence in prison disciplinary cases. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Here, it was not an unreasonable inference for the DHB to have concluded that the purpose of Silcox's statements to his sister was an effort to prevent Roberta Elmore from

3

talking to the police about Offender Thomas. As such, there is sufficient evidence that he was guilty of violating the law.

For the foregoing reasons, the habeas corpus petition is DENIED.

**SO ORDERED** on February 24, 2015.

                                                 S/ Joseph S. Van Bokkelen
                                                 JOSEPH S. VAN BOKKELEN
                                                 UNITED STATES DISTRICT JUDGE